930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank KUERER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1737.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA86-2366-S)
 Carole Arnita Jeffries, Chevy Chase, Md., for appellant.
 Richard M. Friedman, Office of General Counsel, United States Department of Health and Human Services, Washington, D.C., (argued), for appellee; Elizabeth J. Gianturco, Jamie C. Burnes, Office of the General Counsel, United States Department of Health and Human Services, Washington, D.C., Breckinridge L. Willcox, United States Attorney, Jane F. Barrett, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md. [APPEAL AFTER REMAND FROM 887 F.2d 1080]
 REVERSED AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this age discrimination case, appellant contests the district court's grant of summary judgment to his former employer.
 
 I.
 
 2
 Appellant Frank Kuerer was employed with the United States Department of Health and Human Services ("the Department") from 1966 to 1982. Kuerer alleges that the Department engaged in age discrimination when it denied him promotions or transfers to approximately one hundred fifteen positions for which he had applied. He was sixty at the time he filed an administrative complaint in 1977.
 
 
 3
 We earlier held that an overwhelming majority of Kuerer's 115 claims were either without merit or time barred. Kuerer v. Sullivan, No. 88-3047 (4th Cir. Oct. 3, 1989). The court concluded, however, that five of his claims were not time barred and that he had established a prima facie case on these five claims. Consequently, the court remanded these five counts for further consideration.
 
 
 4
 On remand, the district court directed the parties to resolve the remaining claims through motions for summary judgment. Kuerer requested that discovery be reopened, but the court denied his motion. The court then granted summary judgment for the Department on the remaining five claims. Kuerer now appeals from that judgment.
 
 II.
 
 5
 Kuerer argues that summary judgment was improperly granted because the Department failed to meet its burden of production under Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). Here, the Department could have satisfied its burden simply by setting forth particularized non-discriminatory reasons for its employment decisions in affidavits that met the requirements of Fed.R.Civ.P. 56(e). See Burdine, 450 U.S. at 254-55. The Department, however, has not carried its burden. The affidavits it introduced to rebut a number of Kuerer's claims do not contain sufficiently particularized non-discriminatory reasons for its decisions. The Department responded to other of Kuerer's claims by submitting affidavits that failed to satisfy such Rule 56(e) requirements as a showing that the affiant is competent to testify about the matters in the affidavit. See Maldonado v. Ramirez, 757 F.2d 48, 50-51 (3d Cir.1985). Because the Department did not carry its burden of production, the issue of pretextuality was never properly joined.
 
 
 6
 Such deficiencies in the Department's case do not necessarily mean that there exist issues of triable fact. The Department was here required to respond to numerous claims that Kuerer presented somewhat haphazardly. Many of these claims are quite old and it is understandably difficult to assemble the corresponding documentation. Given the difficulties the Department faced in formulating its response, we believe that the case should be remanded without prejudice to the Department's ability to renew its motion for summary judgment upon the presentation of proper proof.
 
 III.
 
 7
 For the foregoing reasons, the judgment of the district court is
 
 
 8
 REVERSED AND REMANDED.